UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
ELENA SKROZNIKOVA,                                                      :
                                                                        :
                              Plaintiff,                                :
                                                                        :        ECF Case
               v.                                                       :
                                                                        :        No. 08 Civ. 1461 (LBS)
MICHAEL B. MUKASEY, *et al.*,                                           :
                                                                        :
                              Defendants.                               :
------------------------------------------------------------------------x

DECLARATION OF NATASHA OELTJEN

I, Natasha Oeltjen, declare pursuant to the provisions of 28 U.S.C. § 1746 as follows:

1.       I am the Assistant United States Attorney with principal responsibility for representing the defendants in this matter.  I submit this declaration in support of defendants' motion to dismiss the complaint and to put before the Court certain information and documents relating to plaintiff's application for naturalization.

2.       On April 15, 2008, the United States Citizenship and Immigration Services ("CIS") denied Skroznikova's application on the ground that she lacked good moral character. Attached as Exhibit 1 is a true and correct copy of CIS's April 15, 2008 decision denying the application.

3.       Skroznikova sought administrative review of CIS's decision by filing a timely request for a hearing, which CIS received on May 13, 2008.  To date, she has not been scheduled for a hearing, nor has CIS issued a decision on her appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
      July 15, 2008

 

_____

NATASHA OELTJEN
Assistant United States Attorney
Tel.: (212) 637-2769
Fax: (212) 637-2786

**Department of Homeland Security**
United States Citizenship and Immigration Services
26 Federal Plaza
New York, NY 10278

Decision on Application for Naturalization



---

Name and Address of Applicant

Refer to this File No.  A# 75 211 214

..................................................................

Date: April 15, 2008

ELENA SERGEEVNA SKROZNIKOVA

55 WEST 26TH STREET, APT 36D
NEW YORK, NY 10010

..................................................................

## DECISION

On 02/01/2006, you were granted a preliminary interview before an Officer of the United States Citizenship and Immigration Services relating to your N-400 Application for Naturalization, filed under Section 316 of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application, it is determined that you are ineligible for Naturalization for the following reasons:

### - SEE ATTACHED -

This decision is made without prejudice toward the filing of a new application in the future. It is noted that you may be eligible to apply for naturalization again on or after you are eligible to meet the above requirement for naturalization.

**If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing within 30 days of the date of this notice. If no request for a hearing is filed within the time allowed, this decision is final. A request for hearing may be made to The District Director Services, with the United States Citizenship and Immigration Services office which made the decision, on Form N-336, Request for Hearing on a Decision in Naturalization Proceeding under Section 336 of the Act, together with a fee of $605.00. A brief or other written statement in support of your request may be submitted with the Request for Hearing.**

Any questions which you have may be answered by the Service office nearest your residence, or at the United States Citizenship and Immigration Services, 26 Federal Plaza, New York, NY 10278.

Sincerely,

**Andrea J. Quarantillo**
**District Director Services**

( x )Enclosure(s) N-336
Form N-335 (rev. 10/24/91)N
c.c: GIL AMRAMI
     Attorney at Law                               VY
-Certified Mail-

NAME: Elena Skroznikova
A#: 75 211 214

On 09/06/2005 you filed an Application for Naturalization on form N-400, and
on 02/01/2006 you presented yourself for examination before the Service.

**Note that 8 CFR Section 316.2(b) states in pertinent part:**
"The applicant shall bear the burden of establishing by preponderance of the
evidence that he or she meets all requirements for naturalization....."

**8 CFR Sections 316.10(a)(1) and (2) state in pertinent part:**
"(a) Requirement of good moral character during the statutory period.
    (1) An applicant for naturalization bears the burden of demonstrating that,
    during the statutorily prescribed period, he or she has been and continues
    to be a person of good moral character...
    (2) In accordance with Section 101(f) of the Act, the Service shall evaluate
    claims of good moral character on a case-by-case basis taking into account
    the elements enumerated in this section and the standards of the average
    citizen in the community of residence. The Service is not limited to
    reviewing the applicant's conduct during the five years immediately
    preceding the filing of the application, buy may take into consideration, as
    a basis for its determination, the applicant's conduct and acts at any time
    prior to that period, if the conduct of the applicant during the statutory
    period does not reflect that there has been reform of character from an
    earlier period or if the earlier conduct and acts appear relevant to a
    determination of the applicant's present moral character."

**8 CFR Section 316.10(b)(3)(iii) states:**
"(3) Unless the applicant establishes extenuating circumstances, the applicant
shall be found to lack good moral character if, during the statutory period, the
applicant:
    (iii) Committed unlawful acts that adversely reflect upon the applicant's
    moral character, or was convicted or imprisoned for such acts, although
    the acts do not fall within the purview of Sec.316.10(b)(1) or (2)."

**Your interview began on 02/01/2006 with the administration of the prescribed oath. The
Service record indicated that you have been arrested several times in the past. On
09/01/1996, you were arrested in the state of Missouri and charged with driving while
intoxicated. You were convicted of driving with excessive blood alcohol content.**

**On 03/05/1998, you were arrested in the Newton County, state of Missouri and charged
with driving while intoxicated. On 11/04/1998, you were convicted of driving while
intoxicated.**

**On 10/05/2002, you were arrested again in Missouri and charged with driving while
intoxicated. Because you had been convicted twice before of the same offense, you were**

classified as a "persistent offender" (Missouri Revised Statutes 577.23.1(4)). You were found guilty of a Class D Felony (MRS 577.023.3). You were sentenced to a three-year term of imprisonment but the sentence was suspended. You were placed on parole for five years.

The determination of Good Moral Character is based on a community standard of what a reasonable person would consider acceptable behavior in a given community. During the statutory period, you were convicted of an unlawful act, a Class D Felony that reflects upon your good moral character. You have committed unlawful acts both outside and within the statutory period. Your conduct from an earlier period does not reflect there has been a reformation of character. Both outside and within the statutory period you have shown a disregard for the law and consequently your conduct has failed to measure up to the average citizen in your community. Therefore, you have failed to establish good moral character requirement.

You have not established your eligibility for citizenship under the provisions of Section 316 of the Act, *supra*. Therefore, your application is denied. This denial is without prejudice to your filing an application for citizenship when you become eligible under the applicable provisions of the Act.