UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELENA SKROZNIKOVA,

               Plaintiff,

      v.

MICHAEL B. MUKASEY, *et al.*,

               Defendants.
------------------------------------------------------------------x

ECF Case

No. 08 Civ. 1461 (LBS)

# MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-2769
Fax:  (212) 637-2786
Email: Natalia.Oeltjen@usdoj.gov

Natasha Oeltjen
Assistant United States Attorney
    – Of Counsel –

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT. .................................................................................................... 1

STATEMENT OF THE CASE. ...................................................................................................... 2

    The Allegations of the Complaint. ....................................................................................... 2

    CIS's Denial of the Naturalization Application. .................................................................. 3

ARGUMENT. ................................................................................................................................. 4

    I.      The Statutory Framework. ....................................................................................... 4

    II.     Skroznikova's Claims Are Moot Because CIS
           Has Adjudicated Her Application. .......................................................................... 6

    III.    Skroznikova Cannot Amend Her Complaint
           Based on Subsequent Factual Developments. ......................................................... 8

    IV.    CIS Had Jurisdiction to Deny Skroznikova's Application. ..................................... 9

CONCLUSION. ............................................................................................................................ 11

Defendants Michael B. Mukasey, Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of United States Citizenship and Immigration Services ("CIS"); and Andrea J. Quarantillo, New York District Director of CIS (collectively, the "Government") respectfully submit this memorandum in support of their motion to dismiss as moot the February 8, 2008 complaint of plaintiff Elena Skroznikova ("Skroznikova").

## PRELIMINARY STATEMENT

On February 8, 2008, Skroznikova commenced this action pursuant to 8 U.S.C. § 1447(b) to seek redress for CIS's alleged delay in adjudicating her application for naturalization. On April 15, 2008, CIS provided Skroznikova with complete relief for this alleged failure to decide the application, by issuing a decision. Accordingly, Skroznikova's action is moot.

Although Skroznikova may disagree with CIS's decision, denying her application, this lawsuit does not provide Skroznikova with a forum for review of the agency's decision. An applicant seeking to challenge the substance of CIS's naturalization decision must first exhaust administrative remedies by requesting a hearing before CIS on her application. If CIS then denies the applicant's appeal, her exclusive remedy is to seek review in district court by filing a lawsuit pursuant to 8 U.S.C. § 1421(c). Skroznikova has filed an administrative appeal, but has not yet appeared for a hearing or received a decision on her appeal. Her appropriate remedy is to let her appeal run its course, and if it is denied, to file a new lawsuit pursuant to 8 U.S.C. § 1421(c). She may not, however, amend her complaint in the instant case to include a claim under 8 U.S.C. § 1421(c), because the facts which are a jurisdictional prerequisite for that claim – *i.e.*, the denial of her naturalization application – did not exist at the time she filed this complaint. Therefore, this lawsuit, which was filed solely to obtain a decision on Skroznikova's

then-pending naturalization application, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

STATEMENT OF THE CASE

*The Allegations of the Complaint*

Skroznikova's complaint seeks relief pursuant to 8 U.S.C. § 1447(b) on account of CIS's alleged failure, as of February 8, 2008, to adjudicate her application for naturalization. Complaint ("Compl.") Introduction, ¶¶ 1, 6, 15.  Skroznikova alleges that she is a citizen of Russia and a permanent resident of the United States, *id.* at ¶ 1, and that she applied for naturalization on September 5, 2005, *id.* ¶ 8; Exhibit A.  According to Skroznikova, she was interviewed by CIS on February 1, 2006, *id.* ¶ 8 but CIS had not, as of the date of the complaint, adjudicated her application, *id.* ¶ 10, 15.  Accordingly, Skroznikova seeks relief pursuant to 8 U.S.C. § 1447(b), which provides a right to seek relief in federal court where CIS has "fail[ed] to make a [naturalization] determination . . . before the end of the 120-day period after the date on which the [naturalization] examination is conducted." 8 U.S.C. § 1447(b); *see* Compl. ¶¶ 6, 21.

In her complaint, Skroznikova claims that she "has met all the eligibility requirements for naturalization," and that she "has no criminal record that would bar a finding of good moral character pursuant to 8 U.S.C. § 1101(f)." *Id.* ¶ 18.  Accordingly, Skroznikova "petitions this Court for a hearing, pursuant to 8 U.S.C. § 1447(b), to obtain a decision upon [her] application for naturalization." *Id.*, Introduction.  She further requests that the Court (1) "[r]eview, *de novo*, [her] application for naturalization, and pursuant thereto grant the naturalization application and direct that [she] be given her oath of citizenship"; (2) "[d]irect [CIS] to promptly issue a Certificate of Naturalization"; and (3) "[g]rant any and all further or other relief as this Court may deem just and proper." *Id.* at 6 (Second, Third, and Fifth Requests for Relief).

*CIS's Denial of the Naturalization Application*

On April 15, 2008, CIS denied Skroznikova's naturalization application. *See* Declaration of Natasha Oeltjen ("Oeltjen Decl."), Ex. 1. In its decision, CIS explained the statutory requirement that a naturalization applicant demonstrate good moral character during the five years immediately preceding her application. *Id.* at 2. CIS further explained that (1) an applicant "shall be found to lack good moral character, if, during the statutory period, the applicant . . . committed unlawful acts that adversely reflect upon the applicant's moral character," *id*. (citing 8 C.F.R. § 316.10(b)(3)(iii)); and (2) CIS "may take into consideration . . . the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character," *id*. (citing 8 C.F.R. § 316.10(a)(2)). CIS concluded that Skroznikova had not met her burden of demonstrating that she had good moral character, because she had been arrested and convicted three times in the state of Missouri for driving while intoxicated: in September 1996, March 1998, and October 2002. *Id*. CIS observed that upon her third conviction, Skroznikova was classified as a "persistent offender," found guilty of a Class D felony, and sentenced to a three-year term of imprisonment. *Id*. at 2-3. CIS further observed that the sentence had been suspended, and Skroznikova had been placed on parole for five years. *Id*. at 3. CIS concluded:

> The determination of Good Moral Character is based on a community standard of what a reasonable person would consider acceptable behavior in a given community. During the statutory period, you were convicted of an unlawful act, a Class D Felony that reflects upon your good moral character. You have committed unlawful acts both outside and within the statutory period. Your conduct from an earlier period does not reflect that there has been a reformation of character. Both outside and within the statutory period you have shown a disregard for the law and consequently your conduct has failed to measure up to the average citizen in your community.

*Id.* Accordingly, CIS denied the application. *Id.*

CIS advised Skroznikova that she had the right to appeal this decision administratively by filing a request for a hearing within thirty days of the denial. *Id.* at 1. On May 13, 2008, Skroznikova filed a timely appeal; however, she has not yet appeared for a hearing, nor has CIS issued a decision on her appeal. *See* Oeltjen Decl. ¶ 3.

## ARGUMENT

Skroznikova's complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it no longer presents a live case or controversy within the jurisdiction of the Court. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)) ("'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it'"); *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) ("The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies."); *Granite State Outdoor Advertising, Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002) ("[M]ootness divests a federal court of jurisdiction to adjudicate the merits of a claim."). As mootness is a jurisdictional issue, the Court is not limited to the allegations of the complaint. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) ("Because the defendants' challenge is to subject matter jurisdiction, we may consider materials extrinsic to the complaint.").

I.   The Statutory Framework

Although the judiciary once had principal responsibility for deciding petitions for naturalization, "[i]n 1990, Congress removed naturalization from the courts and vested the Attorney General with 'sole authority to naturalize persons as citizens of the United States.'" *Borromeo Escaler v. USCIS*, No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *3 (S.D.N.Y. July 6,

-4-

2007) (quoting 8 U.S.C. § 1421(a) and citing Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990)); *see also Li v. INS*, No. 00 Civ. 7868 (CBM), 2003 WL 102813, at *3 (S.D.N.Y. Jan. 10, 2003) (same). Under the current administrative naturalization process, an applicant submits an application for naturalization to CIS, which then (in conjunction with the FBI) investigates the applicant's background, tests her English language skills and knowledge of American history and government, and adjudicates the application. *See Li*, 2002 WL 102813, at *3. If a naturalization application is granted by CIS, either the agency or the state or federal courts may administer the oath of citizenship to the applicant. *See* 8 U.S.C. § 1421(b).

In keeping with the general rule that "[j]udicial review in immigration matters is narrowly circumscribed," *Langer v. McElroy*, No. 00 Civ. 2741 (RWS), 2002 WL 31789757, at *2 (S.D.N.Y. Dec. 13, 2002), and consistent with the 1990 amendments' transfer of naturalization authority from the courts to the Attorney General, *see Borromeo Escaler*, 2007 WL 1975485, at *3, the Immigration and Nationality Act ("INA") provides only a limited role for judicial intervention in the naturalization process:

> The INA specifies only two points in the naturalization process at which a district court may intervene: first, when the INS has denied a naturalization application and that denial has been affirmed on administrative appeal, INA § 310(c); 8 U.S.C. § 1421(c), or second, where an applicant for naturalization has been examined by the INS and more than 120 days have elapsed without decision. INA § 336(b); 8 U.S.C. § 1447(b).

*Baez-Fernandez v. INS*, 385 F. Supp. 2d 292, 294 (S.D.N.Y. 2005). When an application is denied, the statute requires the applicant to seek administrative review of the denial before filing suit. *See* 8 U.S.C. § 1447(a). Only if the applicant receives an unfavorable decision on this administrative appeal may he or she seek judicial review. 8 U.S.C. § 1421(c). When the case does reach district court, however, the statute provides that "the court shall make its own

findings of fact and conclusions of law," and that "[the court] shall, at the request of the petitioner, conduct a hearing *de novo* on the application." *Id.*

In the case of applications that are not promptly decided by CIS, § 1447(b) serves to prevent those applications from lingering indefinitely. Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

*Id.* § 1447(b). Although § 1447(b) authorizes the judiciary to decide the naturalization application, more frequently a district court will exercise its discretion to issue an order requiring CIS to adjudicate the pending application promptly. *See Bustamante v. Chertoff*, 533 F. Supp. 2d 373, 379 (S.D.N.Y. 2008) (observing that § 1447(b) does not compel the district court to decide the application itself, and that a "busy district court" will almost always issue an order to CIS instead); *Al-Farisi v. Mueller*, 492 F. Supp. 2d 335, 338 (S.D.N.Y. 2007) (noting that most courts have followed the "wise course" of ordering the agency to decide the application) (citing cases). Skroznikova's action is brought pursuant to this provision. Compl. ¶¶ 6, 16, 21.[1]

II.    <u>Skroznikova's Claims Are Moot Because CIS Has Adjudicated Her Application</u>

Skroznikova's claims are moot because CIS has adjudicated her naturalization application. *See Bustamante,* 533 F. Supp. 2d at 374 (dismissing § 1447(b) action as moot where CIS had denied plaintiff's naturalization application). Indeed, Skroznikova's principal allegation,

---

[1]    Although Skroznikova also alleges jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Compl. ¶ 6, that statute does not provide a basis for jurisdiction. *Correspondent Services Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (holding that independent basis of jurisdiction is required for declaratory judgment).

that "no decision has been issued by [CIS] on her naturalization application," Compl. ¶ 21, is no longer true. CIS has remedied its alleged prior failure to decide the application, which Skroznikova claims triggered the 120-day provision of § 1447, and no continuing harm from that delay exists. *See Powell v. McCormack*, 395 U.S. 486, 496-97 (1969) ("Stated simply, a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (same). Skroznikova's claims under § 1447(b) thus "no longer present an actual dispute between [the] parties." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001). Because no live controversy exists, "the federal court is divested of jurisdiction over" this case. *Id.* at 107.

To the extent that any dispute remains between the parties, it is not a case or controversy within the jurisdictional grant of § 1447(b). Skroznikova presumably disagrees with CIS's decision that, in light of her convictions for driving while intoxicated, she failed to demonstrate good moral character. This disagreement, however, relates to the substance of the agency's denial and not to any delay in the issuance of that denial. As described above, the courts do not have jurisdiction to review CIS's denial of a naturalization application unless the applicant has first exhausted administrative remedies. *See* 8 U.S.C. § 1421(c) (person whose naturalization application "is denied, *after a hearing before an immigration officer under section 1447(a) of this Title*, may seek review of such denial before the United States district court" (emphasis added)); *id.* § 1447(a) ("If . . . an application for naturalization is denied, the applicant may request a hearing before an immigration officer."); *Baez-Fernandez*, 385 F. Supp. 2d at 294 (district court lacked jurisdiction to review CIS's initial denial of naturalization application where applicant failed to exhaust administrative remedies by requesting a hearing pursuant to 8 U.S.C. § 1447(a)). Although Skroznikova has filed an administrative appeal of CIS's decision,

she has not yet appeared for a hearing on that appeal, nor has she received a final decision. *See* Oeltjen Decl. ¶ 2. Therefore, her administrative remedies have not been exhausted, and, accordingly, the Court does not have jurisdiction to review the agency's April 15, 2008 decision. Skroznikova's only proper recourse is to let the administrative appeal process take its course, and then, should CIS deny her appeal, challenge that decision by filing a new action in district court pursuant to 8 U.S.C. § 1421(c).

III.    Skroznikova Cannot Amend Her Complaint Based On Subsequent Factual Developments

Skroznikova may not, however, amend her February 8, 2008 complaint by adding allegations regarding the subsequent denial of her application and then "joining" a claim under 8 U.S.C. § 1421(c). Although a district court has discretion to permit amendment of pleadings to correct defective allegations of jurisdiction under 28 U.S.C. § 1653, it is well established that such amendments can only be made to correct statements about jurisdiction that actually existed at the time of the filing of the action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569, n.4 (1992) (recognizing the "longstanding rule" that "jurisdiction is to be assessed under the facts existing when the complaint is filed"); *Pressroom Unions-Printers League v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (observing that the Court has "never allowed [28 U.S.C. § 1653] to create jurisdiction retroactively where none existed [at the time the suit was filed]." Here, Skroznikova could not have included a claim under 8 U.S.C. § 1421(c) when she filed her lawsuit in February 2008; accordingly, she cannot create jurisdiction retroactively to challenge CIS's April 2008 decision – much less any potential future affirmance of that decision.[2]  *See*

---

[2] Of course, CIS may yet reverse its decision on appeal, thereby making an action under 8 U.S.C. § 1421(c) unnecessary. Until Skroznikova has fully exhausted administrative remedies, any

*Advani Enterprises, Inc. v. Underwriters at Lloyd's*, 140 F.3d 157, 161 (2d Cir. 1998) (28 U.S.C. § 1653, "even liberally construed, does not allow a plaintiff to substitute a new cause of action over which there is subject matter jurisdiction for one in which there is not").

IV.    CIS Had Jurisdiction to Deny Skroznikova's Application

Finally, any attempt by Skroznikova to circumvent these jurisdictional bars by claiming that CIS lacked authority to deny her application is foreclosed by the Court's decision in *Bustamante*, 533 F. Supp.2d at 377-80.[3]  In that case, the Court considered whether 8 U.S.C. § 1447(b) vests the district court with exclusive jurisdiction over naturalization applications once a lawsuit is filed, or whether, instead, CIS retains concurrent jurisdiction. *See id.* at 375.  The Court concluded that the latter approach was more logical, expressly rejecting the positions of the Fourth and Ninth Circuits. *See id.* at 375-80 (citing *Etape v. Chertoff*, 497 F.3d 379, 383-86 (4th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004)).

As the Court found, the language of 8 U.S.C. § 1447(b) "does not explicitly vest the district court with exclusive jurisdiction," but rather, provides the court with the alternative option of "sending appropriate instructions to the agency" – generally, "an instruction to make a ruling within a specified period of time." *Id.* at 377-78.  Moreover, noting that the "legislative history of the Immigration Act of 1990 indicates that Congress wanted to speed the naturalization process along," *id*. at 378, the court concluded that allowing concurrent jurisdiction would better serve this purpose. *Id*. at 378-80.  Concurrent jurisdiction allows the

---

future harm is speculative, and an action under § 1421(c) is not ripe for judicial review.  *See Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967).

[3] An appeal of this decision is currently pending in the Second Circuit. *See Bustamante v. Chertoff*, No. 08-0990-cv (filed Feb. 28, 2008).

agency to continue to process an application, so that if, as is typical in a meritorious § 1447(b) action, the court remands the matter to the agency with a short deadline for adjudication, the agency will be able to comply promptly with that order. *See id.* at 379; *see also Perry v. Gonzales*, 472 F. Supp. 2d 623, 629 (D.N.J. 2007) ("Requiring CIS to cease all work on the application upon the filing of the complaint, only to have the matter possibly remanded back to CIS months later for the agency to pick up where it left off would be counter-productive."). It also allows CIS to *grant* a naturalization application after the applicant has filed a § 1447(b) complaint, with the parties thereafter stipulating to the voluntary dismissal of the action. *See Perry*, 472 F. Supp. 2d at 630 (noting that it "is likely true in districts throughout the country" that in many instances § 1447(b) cases are voluntarily withdrawn when CIS grants an application during the pendency of the case).

      Therefore, as the *Bustamante* court recognized, holding that CIS lacked authority to adjudicate an application while a case was pending would introduce further delays and burdens into the naturalization process, "thereby frustrating Congress' intent." 533 F. Supp. 2d at 380. CIS had jurisdiction to deny Skroznikova's application, and has jurisdiction now to consider her appeal; however, this Court lacks jurisdiction to review any of CIS's actions at this time. *See id.* at 380-81; *see also Kim v. Gonzales*, No. 07-cv-1817, 2008 WL 1957739, at *2-4 (D. Col. May 5, 2008); *Perry* , 472 F. Supp. 2d at 627-30; *Al-Saleh v. Gonzales*, No. 2:06-CV-604 TC, 2007 WL 990145, at *2 (D. Utah Mar. 29, 2007); *Farah v. Gonzales*, No. Civ. 05-1944 (DWF) (AJB), 2006 WL 1116526, at *2 (D. Minn. Apr. 26, 2006).

.

CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion and dismiss the complaint as moot.

Dated: New York, New York
       July 15, 2008

                                     Respectfully submitted,

                                     MICHAEL J. GARCIA
                                     United States Attorney for the
                                     Southern District of New York
                                     *Attorney for Defendants*

By:   /s/ Natasha Oeltjen
        NATASHA OELTJEN
        Assistant United States Attorney
        Tel.: (212) 637-2769
        Fax: (212) 637-2786