UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELENA SKROZNIKOVA,                              )   ECF Case
                                                )
                Petitioner,                       )   **Case No.: 08 CV 1461**
                                                )
        v.                                     )
                                                )
MICHAEL B. MUKASEY, Attorney General            )   **DECLARATION IN OPPOSITION**
of the United States;                           )
MICHAEL CHERTOFF, Secretary of the              )
Department of Homeland Security;                )
EMILIO T. GONZALEZ, Director of U.S.            )
Citizenship and Immigration Services;           )   **Alien No. 075 211 214**
ANDREA J. QUARANTILLO, New York                 )
District Director of U.S. Citizenship and       )
Immigration Services,                           )
                                                )
                Respondents.                      )
----------------------------------------------------------------X

      I, GIL AMRAMI, an attorney duly admitted to practice law before the Courts of the State of New York, and duly admitted to the Bar of the U.S. District Court for the Southern District of New York, declare under penalty of perjury that the following is true and correct to my knowledge, except as to matters stated herein upon information and belief, and as to those matters I believe them to be true:

      1.    I am the attorney for Plaintiff herein (s.h.a. "Petitioner"), and am fully familiar with the facts and circumstances of this matter, having reviewed the file maintained by this office.

      2.    This declaration is submitted in opposition to the motion filed by the Defendants (s.h.a. "Respondents"), for an Order dismissing this action as moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

3.      For the reasons stated herein, it is respectfully submitted that Defendants' motion should be denied and that this action should be allowed to proceed upon such terms as this Court may direct.

4.      In the interest of brevity, Plaintiff herein adopts the factual and procedural background, as well as Plaintiff's allegations, as they are set forth in the PRELIMINARY STATEMENT and STATEMENT OF THE CASE contained in Defendants' Memorandum of Law, dated July 15, 2008, in support of Defendants' Motion to Dismiss, and Plaintiff re-states and re-alleges the same as her own in opposition to the motion, except for additional facts and allegations as set forth below.

5.      As is correctly stated in Defendants' motion to dismiss, Plaintiff filed a timely appeal from the decision of USCIS, dated April 15, 2008, denying her naturalization application. At the time of filing of that motion, no date was scheduled for an appearance for a hearing on the appeal. However, since then, a notice of hearing has been received by Plaintiff. A hearing has been scheduled pursuant to Plaintiff's Form N-336 Request, dated May 13, 2008, for a Hearing on a Decision in Naturalization Proceedings. The hearing is scheduled to take place on August 18, 2008, at 8:00 a.m., before Officer E. Torres at the USCIS office at 26 Federal Plaza, New York, NY 10278. (See copy of notice of hearing attached hereto as Exhibit A).

6.      Obviously, a decision has not been issued yet on Plaintiff's administrative appeal. However, the hearing on the appeal is only several days away from this date and, accordingly, a decision is imminent.

7.      It is respectfully submitted that this Court has jurisdiction, pursuant to 28 U.S.C. § 1331, and 8 U.S.C. § 1421(c), to conduct a hearing, de novo, and make a determination on Plaintiff's application for naturalization. Notably, it has been held by at least one U.S. Court of

Appeals that once an action is commenced under 8 U.S.C. § 1447(b), USCIS is divested of its authority to adjudicate the application and the district court has exclusive jurisdiction over the naturalization application. *See United States v. Hovsepian,* 359 F.3d 1144 (9th Cir. 2004) *(en banc).*

8.    It is respectfully submitted that the holding in *Hovsepian, supra,* is applicable to the case at bar. In this case, as in *Hovsepian,* USCIS no longer has jurisdiction over this naturalization application since Plaintiff herein, similarly, has filed an action with this Court under 8 U.S.C. § 1447(b). It is respectfully submitted that if *Hovsepian* is followed, then this Honorable Court has exclusive jurisdiction and the authority to proceed with Plaintiff's naturalization application, conduct a hearing, de novo, and adjudicate this application to a determination on the merits.

9.    However, even if this Court declines to follow *Hovsepian,* it is respectfully submitted that under the circumstances herein, this Court retains jurisdiction over this application, a proposition conceded by the Defendants in their Memorandum of Law in Support of the Motion to Dismiss. There, at page 9, under headline IV, titled <u>CIS Had Jurisdiction to Deny Skroznikova' Application,</u> the attorney for the Defendants, citing *Bustamante v. Chertoff,* 533 F. Supp.2d 373 (S.D.N.Y. 2008), concedes that concurrent jurisdiction exists under these circumstances, shared by USCIS and the U.S. District Court.

10.    Moreover, having retained concurrent jurisdiction over the application, it is respectfully submitted that this Court has subject matter jurisdiction in this case under 8 U.S.C. § 1421(c). Pursuant to 8 U.S.C. § 1421(c), 8 INA 310(c), an applicant for naturalization may seek review in the district court after a denial of the application following an administrative hearing.

11.     Seeking relief under 8 U.S.C. § 1421(c) may imply that the applicant must exhaust all administrative remedies, including an administrative hearing following a Request for Hearing, i.e., an administrative appeal. However, it is respectfully submitted that due to the immediacy of the hearing on appeal in this case, and because an administrative decision on Plaintiff's appeal is imminent, subject matter jurisdiction is conferred with this Court by virtue of 8 U.S.C. § 1421(c).

12.     In the instant case, exhaustion of administrative remedies has all but concluded. If USCIS denies the application upon the hearing scheduled to take place on August 18, 2008, Plaintiff is authorized by statute to seek de novo review by this Court on the merits of her application. It is respectfully urged that under the circumstances herein, and due to the immediacy and imminence of the decision on Plaintiff's administrative appeal, such request for review may be deemed ripe at this time for the purpose of retaining subject matter jurisdiction by this Court over the application.

13.     While the relief requested herein under 8 U.S.C. § 1447(b) may be moot due to the undeniable fact that a decision has been made by USCIS on Plaintiff's naturalization application, it is respectfully submitted that in view of the foregoing, a new and different relief, under 8 U.S.C. § 1421(c), may be deemed ripe for the purpose of retaining jurisdiction by this Court over Plaintiff's naturalization application, allowing this action to proceed under such terms as this Court may direct.

14.     Certainly, a favorable adjudication by USCIS, granting the naturalization application of the Plaintiff upon a hearing on the administrative appeal would foreclose any further proceeding in this Court. However, if the application is administratively denied and while this action is still pending, then, Plaintiff would be able to apply for leave by this Court, pursuant

to Rule 15 of the Federal Rules of Civil Procedure, to amend her pleadings to reflect the new relief sought under 8 U.S.C. § 1421(c).

15.    The alternative to the afore-mentioned procedural remedy would be for the Plaintiff to commence a new action for the new relief after a decision is made on Plaintiff's administrative appeal. It is respectfully submitted that under the circumstances herein, commencing a new action would be unnecessarily burdensome, costly and dilatory to the Plaintiff and, therefore, would be unjust as to her.

16.    Furthermore, it is respectfully submitted that commencing a new action for relief under 8 U.S.C. § 1421(c) would contravene the important interest of judicial economy. This action was filed with this Court on April 7, 2008, and subsequently duly served upon Defendants. The case has been electronically filed as well. Other than taxing Plaintiff, such endeavor taken anew may be viewed as burdening the administrative system of this Court and stressing its limited resources. Accordingly, it is respectfully submitted that if within the power of this Court, commencing a new action should be avoided in the interest of preserving court resources and serving the important interest of judicial economy.

17.    In view of the foregoing, it is respectfully submitted that Defendants' motion to dismiss should be denied in its entirety, and that for the reasons stated herein, this Court should retain jurisdiction over Plaintiff's naturalization application so that a relief under 8 U.S.C. § 1421(c) may be requested by Plaintiff and entertained by this Court should the circumstances so require.

18.    It is further respectfully submitted that this Court is vested with the authority to issue an Order, staying this proceeding pending the outcome of Plaintiff's administrative appeal

and holding this motion in abeyance until such time that a determination is made by USCIS on the administrative appeal so that, if necessary, a relief under 8 U.S.C. § 1421(c) may be pleaded.

19.     Accordingly, in the interest of justice and in the interest of judicial economy, it is respectfully requested that Defendants' motion to dismiss this action be denied in its entirety, and that this proceeding be stayed and the motion held in abeyance until such time that a determination is made by USCIS on Plaintiff's administrative appeal, and that upon such a determination, if necessary, this action be allowed to proceed, upon such terms as this Court may direct, so that Plaintiff may apply for leave by this Court to amend her pleadings and request a de novo review by this Court on her naturalization application pursuant to 8 U.S.C. § 1421(c).

**WHEREFORE,** Plaintiff herein respectfully prays that this Court deny Defendants' motion to dismiss this action as being moot in its entirety, staying this proceeding and holding Defendants' motion in abeyance, until such time that a determination is made by USCIS on Plaintiff's administrative appeal, and upon such a determination, and if not becoming moot by that determination, allowing this action to proceed, upon such terms as this Court may direct, so that Plaintiff may apply for leave by this Court to amend her pleadings and request de novo review by this Court on her naturalization application pursuant to 8 U.S.C. § 1421(c).

Dated: New York, New York
         August 13, 2008

                                        Respectfully submitted,

                                        / S /
                                        _____
                                        Gil Amrami, Attorney at Law
                                        Attorney for Petitioner,
                                        ELENA SKROZNIKOVA
                                        122 E. 42nd Street, Suite 2114
                                        New York, NY 10168
                                        Tel.: (212) 922-0003
                                        Fax: (212) 922-0539
                                        Email: gilamrami@verizon.net

TO:

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Respondents
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.: (212) 637-2769
Fax: (212) 637-2786

NATASHA OELTJEN
Assistant United States Attorney,
Of Counsel
Email: Natalia.Oeltjen@usdoj.gov

# EXHIBIT A



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services

A # 75 211 214

*26 Federal Plaza, Room 7-122*
*New York, NY 10278*

Elena Sergeevna Skroznikoka
55 West 26th Street, # 36D
New York, NY 10010

Date: August 1, 2008

PLEASE COME TO THE OFFICE SHOWN BELOW AT THE TIME AND PLACE INDICATED IN CONNECTION WITH AN OFFICIAL MATTER

| | ADDRESS | ROOM NO. | FLOOR NO. |
|---|---|---|---|
| **OFFICE LOCATION** | 26 Federal Plaza New York, N.Y. 10278 | 122 | 7 |
| **DATE AND HOUR** | **August 18, 2008, @ 8:00 am** | | |
| **ASK FOR** | **Officer: E. Torres** | | |
| **REASON FOR APPOINTMENT** | N-336, Request for a Hearing on Decision in Naturalization Proceedings. | | |
| **BRING WITH YOU** | **THIS LETTER AND**: alien registration card, all passports, and all other additional evidence you wish to submit in support of your application | | |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMEMT AND BRING THIS LETTER WITH YOU
IF YOU ARE UNABLE TO DO SO, STATE YOUR REASON, SIGN BELOW AND RETURN THIS LETTER TO THE OFFICE BELOW AT ONCE.

| I AM UNABLE TO KEEP THIS APPOINTMENT BECAUSE: | |
|---|---|
| SIGNATURE | DATE: |

VERY TRULY YOURS,

*[signature]*
Andrea J. Quarantillo

FORM G-56
(REV. 5-1-83)Y

CC:   Gil Amrami, Esq.
      122 East 42nd Street
      Suite 2114
      New York, NY 10168